T.C. Summary Opinion 2008-161

UNITED STATES TAX COURT

KEITH AND DINAH M. FREESE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29452-07S.                    Filed December 23, 2008.

Keith and Dinah M. Freese, pro sese.

<u>Lisa R. Woods</u>, for respondent.

SWIFT, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Respondent determined a $3,364 deficiency in petitioners' Federal income tax for 2005. The issue for decision is whether petitioners' 2005 gambling activity qualifies as a trade or business.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in Minnesota.

Over the years including 2005, petitioners have been employed full time as employees--petitioner Dinah Freese in a paper manufacturing plant and petitioner Keith Freese as a cabinetmaker. Petitioner Keith Freese was also self-employed as a cabinetmaker, conducting that activity out of his home and garage.

In 1998 because of health problems that prevented petitioners from participating in outdoor recreational activities, petitioners began gambling together at a casino on an Indian reservation.

Petitioners gambled one or two evenings a week and only on slot machines. Petitioners gambled with cash that they either brought with them from home or obtained at the casino by writing personal checks or by withdrawing cash from an ATM.

Petitioners did not keep a log of the cash gambled or the time spent gambling. Petitioners did not maintain a separate bank account, did not maintain books and records, and did not otherwise keep track of their gambling income and expenses. Petitioners did not maintain any meaningful records relating to their gambling activity.

Each time each petitioner won a slot machine jackpot of $1,200 or more, petitioners received from the casino a record thereof on Form W-2G, Certain Gambling Winnings, and petitioners did keep copies of these forms.

Petitioners occasionally used player cards given to them by the casino which, if inserted into slot machines, enabled the casino to keep track of petitioners' gambling activity. Petitioners however did not consistently use the player cards when they gambled because petitioners believed that using player cards enabled the casino to skew against them the winning odds on the slot machines.

Casino printouts in evidence showing petitioners' gambling activity for 2005 are incomplete and do not accurately reflect all of petitioners' gambling activity. As indicated, petitioners kept no record of the amount of cash they put into slot machines,

and there are no records available of petitioners' slot machine winnings in amounts less that $1,200 for which petitioners did not use player cards.

Petitioners state that their gambling activity every year is pretty much "a wash."

On their Federal income tax returns for 1998 through 2004 petitioners did not treat themselves as professional gamblers, and they did not report their gambling income and expenses as a trade or business on a Schedule C, Profit or Loss From Business. Rather, petitioners reported income relating to their gambling activity as "Other" income on the first page of their Federal income tax returns, and they reported gambling expenses on Schedule A, Itemized Deductions.

To prepare their 2005 Federal and State income tax returns, however, petitioners hired Jerome Marshik (Jerome), a tax return preparer and certified public accountant who practices in Minnesota.

In connection with the preparation of petitioners' 2005 Federal income tax return, Jerome did not ask for and petitioners did not provide Jerome any casino records or other underlying records relating to their 2005 gambling activity. Jerome asked for and petitioners provided him only an estimated total dollar amount for their 2005 slot machine jackpots of $1,200 or more, as reflected on the Forms W-2G which petitioners received from the

casino. Jerome did not ask for and petitioners did not provide him any amount for slot machine gambling income not involving jackpots of $1,200 or more.

With regard to gambling expenses, Jerome asked for and petitioners gave him only an estimated total dollar amount for their 2005 gambling expenses. Petitioners calculated that amount by adding up the checks they wrote to the casino in 2005 for cash and their 2005 ATM cash withdrawals. The total expense amount petitioners gave to Jerome did not include cash that petitioners brought with them from home and played at the slot machines.

Jerome advised petitioners that to avoid the cap on the deduction of gambling expenses that would apply if gambling expenses were reported on a Schedule A, petitioners could report their gambling activity as that of a trade or business.[1]

Petitioners' 2005 Federal income tax return, as filed with respondent, reported petitioners' gambling activity on two Schedules C, one for each petitioner.

On her Schedule C for 2005, Dinah Freese reported gambling income of $175,100, gambling expenses of $174,240, and a net income of $860.

---

[1] Jerome Marshik also erroneously advised petitioners that he should not attend the trial herein because he would not be allowed to testify. Relying on that erroneous advice, petitioners did not ask Jerome to attend the trial and to be a witness.

On his Schedule C, Keith Freese reported gambling income of $143,868, gambling expenses of $148,068, and a net loss of $4,200.

During respondent's audit, petitioners requested and obtained from the casino a list of slot machine jackpots petitioners won during 2005, and petitioners provided that list to respondent.

On audit respondent determined that each petitioner's gambling activity did not rise to the level of a trade or business, and respondent moved petitioners' gambling income from the Schedules C to Other Income and petitioners' gambling expenses to a Schedule A, and respondent disallowed any gambling expenses greater than petitioners' gambling income.

## Discussion

Petitioners' gambling activity in 2005 clearly did not qualify as a trade or business. Petitioners did not gamble with continuity and regularity. Petitioners regarded their gambling activity as recreation they shared, and petitioners did not expect to earn a profit from gambling. Petitioners did not maintain books and records relating to their gambling activity. They did not conduct their gambling activity in a businesslike manner. See Commissioner v. Groetzinger, 480 U.S. 23 (1987); sec. 1.183-2(b), Income Tax Regs. Petitioners' gambling activity did not rise to the level of a trade or business, and petitioners

are not allowed to deduct gambling expenses in excess of gambling income.

We sustain respondent's adjustments to petitioners' 2005 gambling income and expenses.

<u>Decision will be entered</u>

<u>for respondent</u>.